1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID JEROME OLIVER, SR.,                    No.  2:13-cv-1930 KJN P

12                Plaintiff,

13        v.                                       ORDER

14   R. SCOTT OWENS, et al.,

15                Defendants.

16

17        Plaintiff, presently housed in the Placer County Jail, is proceeding without counsel.

18   Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave

19   to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff consented to proceed before

20   the undersigned for all purposes.  See 28 U.S.C. § 636(c).

21   Application to Proceed In Forma Pauperis

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

23   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4   § 1915(b)(2).

5   Screening Standards

6        The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20   1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>Plaintiff's Complaint</u>

On or about July 28, 2011, a hearing was held in Placer County Superior Court, in which a "lifetime restraining order against plaintiff, protecting defendant Wright and Hyland Chaz Wright Oliver," plaintiff's minor child, was granted.  (ECF No. 1 at 14, 21.)  Plaintiff claims that service of process of the restraining order was defective, and that the restraining order was obtained against him based on false evidence.  Plaintiff also alleges that he was arrested and incarcerated based on false statements contained in a police report.  He further alleges that he was subjected to false arrest, prosecutorial misconduct, and malicious prosecution.  He names as defendants the district attorney of Placer County, two deputy district attorneys, an investigator with Placer County, and the alleged victim, Shelley L. Wright, who appears to be the mother of the minor child.  Plaintiff seeks monetary damages, and unspecified injunctive relief "related to an ongoing violation of his rights in Case 62-112215," which appears to be the Placer County action in which the restraining order was issued.  (ECF No. 1 at 26.)

<u>Analysis</u>

Plaintiff's complaint is deficient in several respects.  It is apparent from the complaint that plaintiff challenges orders issued by state court judges relating to a restraining order issued in connection with plaintiff's minor child and the child's mother, as well as the attendant prosecution of charges connected therewith.  "Even with a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."  <u>Thompson v. Thompson</u>, 798 F.2d 1547, 1558 (9th Cir. 1986).  Moreover, while federal courts have an obligation to exercise jurisdiction where it exists, particularly in civil rights cases, abstention may be required under the decision in <u>Younger v. Harris</u>, 401 U.S. 37 (1971),

3

1   when there are ongoing state judicial proceedings implicating important state interests and there is

2   adequate opportunity in the state proceedings to raise federal questions.  Confederated Salish v.

3   Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994).  State judicial proceedings involving domestic

4   relations clearly implicate important state interests.  Ankenbrandt v. Richards, 504 U.S. 689, 703

5   (1992) (holding that the domestic relations exception to federal subject matter jurisdiction

6   "divests the federal courts of power to issue divorce, alimony and child custody decrees); Coats v.

7   Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case raised

8   constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708 F.2d

9   465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of constitutional

10   issues where the plaintiff sought visitation with children who were wards of the state court)

11         Furthermore, under the Rooker-Feldman doctrine, federal district courts lack jurisdiction

12   to review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman,

13   460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only

14   in the United States Supreme Court).  The doctrine applies to "cases of the kind from which the

15   doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by

16   state-court judgments rendered before the district court proceedings commenced and inviting

17   district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus.

18   Corp., 544 U.S. 280, 284 (2005).  "The purpose of the doctrine is to protect state judgments from

19   collateral federal attack."  Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th

20   Cir. 2001).  Pursuant to this doctrine, a federal district court is prohibited from exercising subject

21   matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment.  Kougasian

22   v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not examine

23   claims that are inextricably intertwined with state court decisions, "even where the party does not

24   directly challenge the merits of the state court's decision but rather brings an indirect challenge

25   based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir.

26   2003).  "A number of courts have held that the Rooker–Feldman doctrine ... bars federal court

27   review of final state divorce decrees."  See In re Schwartz, 409 B.R. 240, 248 (1st Cir. BAP

28   2008) (citing Davis v. United States, 499 F.3d 590, 595 (6th Cir. 2007); see also Ignacio v.

4

1  Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district

2  court's dismissal of the case "because the complaint is nothing more than another attack on the

3  California superior court's determination in [plaintiff's] domestic case").

4         Finally, "[r]es judicata bars a suit when 'a final judgment on the merits of an action

5  precludes the parties or their privies from relitigating issues that were or could have been raised in

6  that action.'" ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010)

7  (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).  Res judicata is applicable "when there is '(1)

8  an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between

9  parties.'" ProShipLine Inc., 609 F.3d at 968 (quoting Stewart v. U.S. Bancorp, 297 F.3d 953, 956

10  (9th Cir. 2002)).

11        Here, plaintiff alleges multiple improprieties related to a restraining order concerning

12  plaintiff's minor child.  Stripped to its essence, this action is one for federal court review of state

13  court proceedings.  The court finds the instant action amounts to an attempt to litigate in federal

14  court matters that are inextricably intertwined with state court decisions.  Accordingly, the court

15  will recommend this action be dismissed for lack of subject matter jurisdiction under Rooker-

16  Feldman.

17        To the extent that plaintiff seeks injunctive relief based on rulings by the Placer County

18  court, such claims are unavailing in this action.  It appears that there are ongoing state judicial

19  proceedings involving plaintiff that implicate an important state interest, and that provide plaintiff

20  an adequate opportunity to raise federal questions.  Plaintiff claims that on or about August 23,

21  2013, plaintiff's defense counsel filed a motion to void the restraining order, and on August 29,

22  2013, the state court ordered defendant Deslaurier to answer. (ECF No. 1 at 19.)  Plaintiff states

23  that his motion to disqualify the assigned judge was to be set for hearing on October 4, 2013.

24  (ECF No. 1 at 19.)  It also appears that plaintiff was ordered held without bail in the Placer

25  County Jail for "violation of probation."  Oliver v. Superior Court of the State of California for

26  the County of Placer, et al., Case No. 2:12-cv-2705 KJM DAD PS ((ECF No. 27 at 7.)

27        Moreover, plaintiff's claim that he was the subject of false arrest and malicious

28  prosecution are likely barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  When an

1   inmate seeks monetary damages for alleged unconstitutional conviction or imprisonment in a

2   section 1983 suit, he must first show that the conviction or sentence has been overturned on direct

3   appeal or collateral review.  Id.  If the conviction or sentence has not been overturned, and a

4   favorable judgment would "necessarily imply the invalidity" of that conviction or sentence, then

5   the inmate's civil rights lawsuit must be dismissed.  Id. at 487.  Because it appears that plaintiff's

6   conviction has not been overturned, and a favorable judgment in this case would imply the

7   invalidity of that conviction, this case must be dismissed.

8           If plaintiff wishes to challenge the validity of his sentence or conviction in federal court,

9   his sole remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v.

10  Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 493 U.S. 1126 (1991).  Before plaintiff may

11  bring a federal habeas corpus action, however, he must first exhaust his remedies in state court.

12  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the

13  exhaustion requirement by providing the highest state court with a full and fair opportunity to

14  consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270,

15  276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021

16  (1986).

17          Finally, the court notes that plaintiff has filed similar cases in this court.  In Oliver v.

18  Superior Court of California, et al., Case No. 2:12-cv-2388 GEB DAD PS, plaintiff challenged an

19  April 19, 2011 finding by the Placer County Superior Court that plaintiff violated a family court

20  civil restraining order.  Id., ECF No. 43.  Plaintiff's complaint was dismissed without leave to

21  amend based on Rooker-Feldman doctrine and the Younger abstention doctrine.  Case No. 2:12-

22  cv-2388 (ECF Nos. 43; 45.)  Moreover, on June 10, 2013, in Oliver v. Placer Superior Court ex

23  rel. Placer County, Case No. 2:12-cv-2665 GEB GGH PS, the magistrate judge found that the

24  court "should abstain from adjudicating this case related to domestic relations" (ECF No. 53), and

25  granted the Placer County district attorney's motion to dismiss on grounds of res judicata and

26  prosecutorial immunity.  The court noted that even charges of malicious prosecution, falsification

27  of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be

28  dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728

1    (N.D. Cal. 1984).  Case No. 2:12-cv-2665 TLN GGH (ECF No. 53 at 5.)  Thus, to the extent

2    plaintiff names Placer County district attorneys and its investigators as defendants based on their

3    role in investigating and prosecuting the Placer County action, such claims are barred by res

4    judicata based on the dismissal entered in Case No. 2:12-cv-2665 GEB GGH PS.

5            For all of the above reasons, plaintiff's complaint is dismissed for lack of jurisdiction.

6    Motion for Injunctive Relief

7            On October 16, 2013, plaintiff filed a motion for injunctive relief based on the restraining

8    order issued by the Placer County Superior Court in July of 2011.  (ECF No. 6 at 3.)  For all of

9    the reasons set forth above, this court does not have jurisdiction, and plaintiff's motion is denied.

10   Motion for Appointment of Counsel

11           Plaintiff requests that the court appoint counsel.  District courts lack authority to require

12   counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

13   Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

14   to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935

15   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16   When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

17   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

18   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

19   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

20   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

21   common to most prisoners, such as lack of legal education and limited law library access, do not

22   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

23           Having considered the factors under Palmer, the court finds that plaintiff has failed to

24   meet his burden of demonstrating exceptional circumstances warranting the appointment of

25   counsel at this time.

26   Conclusion

27           The undersigned has considered whether plaintiff may amend the pleading to state a claim

28   upon which relief can be granted.  "Valid reasons for denying leave to amend include undue

1    delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan

2    Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir.1988).  <u>See also</u> <u>Klamath–Lake Pharm. Ass'n v. Klamath

3    Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir.1983) (while leave to amend shall be freely

4    given, the court does not have to allow futile amendments).  In light of the deficiencies of the

5    complaint, the court finds that it would be futile to grant plaintiff leave to amend.

6           Accordingly, IT IS ORDERED that:

7           1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 5) is granted.

8           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

9    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11   Placer County Sheriff filed concurrently herewith.

12          3.  Plaintiff's complaint is dismissed for lack of jurisdiction.

13          4.  Plaintiff's motion for preliminary injunction (ECF No. 6) is denied.

14          5.  Plaintiff's motion for appointment of counsel (ECF No. 7) is denied.

15   Dated:  November 5, 2013

16

17   /oliv1930.dm

     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28